**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**FILED**

**December 18, 1997**

Cecil W. Crowson
Appellate Court Clerk

| | |
|---|---|
| **ASHAD RASHAD ABDULLAH ALI MUHAMMAD,** | ) <br> ) <br> ) <br> ) **C.C.A. NO. 01C01-9707-CC-00300** <br> ) **(No. S9700035 Below)** <br> ) **LINCOLN COUNTY** <br> ) <br> ) **The Hon. William Charles Lee** <br> ) <br> ) **AFFIRMED PURSUANT TO RULE 20** <br> ) **(Dismissal of Petition for Writ of Habeas** <br> ) **Corpus)** |
| Appellant, | |
| VS. | |
| **STATE OF TENNESSEE,** | |
| Appellee. | |

**O R D E R**

This matter is before the Court upon the state's motion requesting that the judgment in the above-styled cause be affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules.

In this appeal from the dismissal of his petition for writ of habeas corpus, the appellant raises three issues: 1) whether the trial judge should have recused himself in this matter, 2) whether the trial court had subject matter jurisdiction, and 3) whether the 1985 indictments under which the appellant was convicted were fatally defective because they did not specify the mens reas for the offenses.

We agree with the state that the appellant should have filed his habeas corpus petition in Davidson County, rather than Lincoln County, because he was incarcerated at Riverbend Maximum Security Institution in Davidson County, Tennessee at the time he filed his petition. Under T.C.A. § 29-21-105, petitions for habeas corpus relief should be made to the court or judge most convenient in point of distance to the application, unless a sufficient reason be given in the petition for not applying to such court or judge. Here, the appellant contends that his petition was properly filed in Lincoln County because the original indictments and record were in the Lincoln County trial court's possession. This is not a sufficient reason to give the Lincoln County trial court jurisdiction over the appellant's petition.

Moreover, had the trial court attempted to convert the petition for writ of

habeas corpus to a petition for post-conviction relief, as authorized by statute, the claim would have been dismissed as time barred. See T.C.A. § 40-30-202; Archer v. State, 851 S.W.2d 157 (Tenn. 1993). According to the appellant's pleadings, he was convicted in 1985 of burglary, armed robbery, and aggravated rape. There is no record that an appeal was taken after the appellant was convicted. Accordingly, even if the trial court had considered the appellant's petition as a petition for post-conviction relief, the appellant would have been barred by the one-year statute of limitation.

Without addressing the appellant's other issues, we find that the judgment of the trial court should be affirmed because the petition for writ of habeas corpus was filed in the wrong court.

IT IS, THEREFORE, ORDERED that the state's motion to affirm the judgment of the trial court under Rule 20, Tennessee Court of Criminal Appeals Rules, is granted, and the judgment of the trial court is affirmed. Costs are taxed to the appellant.

ENTER, this the _____ day of December, 1997.

_____
JERRY L. SMITH, JUDGE

CONCUR:


_____
JOHN H. PEAY, JUDGE


_____
DAVID H. WELLES, JUDGE

-2-